A little tall and wide. May it please the court. This is an FOSA overtime damages case, as the court is aware. My client has claimed that he was a non-exempt employee and worked uncompensated overtime hours. Our appeal to this court is based on a number of errors we believe that was made by the district court for summary judgment purposes. One, the district court specifically states in its order on page 7, regards to my client obligation, quote, without specific dates worked or specific hours worked, Holoway has failed the plaintiff to provide evidence of overtime hours worked in violation of the FLSA. It is our position and belief that the seminal case on this issue and the Eighth Circuit seminal case, that would be Anderson v. McClellan, the United States Supreme Court decision, of course we cite both parties cite these cases in the brief, and then the Eighth Circuit decision, which of course adopts and expands upon Anderson, would be the Doe v. Alamo Foundation. We believe those two cases, the Eighth Circuit and the Supreme Court clearly lay out both parties' burdens and responsibilities here. We believe it is not, that it is well established and there is no conflict in law, not only in this jurisdiction, but outside this jurisdiction, that the FLSA does not require the employee to maintain and provide overtime or any type of timekeeping records but the employer. As we said in our brief, if it were to be otherwise, because the statute of limitations is three years, if you could show willful, where there are no records, if the plaintiff had to remember, based on memory, the specific hours and specific dates he worked for Hershey over a three-year period, let's say, this is, I had to remember what date it is, this is in October of 2014, the plaintiff, since it goes back three years, if we were able to show willful, would have to remember back to October, or from the time we filed the claim, but let's say October, let's say 21st through the 26th, how many specific hours that he worked overtime and the Supreme Court has said that is not realistic nor is it an employee burden, but it is the employer burden. What the Supreme, what both courts have said, and I said MCC, but it is Mount Clements and Alamo Foundation, the Supreme Court has said, in a situation where the employer has failed to provide time-accurate, timekeeping records, the plaintiff has a relaxed burden and obligation to, or I'll specifically quote, a relaxed evidentiary standard to prove his damages. So we are not remotely suggesting that plaintiff does not have a burden to prove his damages. I'm going to ask you about that and I think that's what the district court relied on. Here you have the employers saying that your client was an administrative person and therefore exempt and so there's some logic to why they would not keep records because they didn't think that they were covered by the act. Then we get to your client and the relaxed standard and the district court said, did you know better than I, said well you had virtually no records, nothing, and so I think you need to tell us, even under a relaxed standard, did you, what did you have to prove up the hours and the days? Thank you, Your Honor. You don't know how I appreciate us getting to that. The standard is can plaintiff show, through this evidence, a just and reasonable, is it just and reasonable evidence to show that two things. One, that plaintiff worked overtime hours that was uncompensated. The second prong of the Doe decision, the Eighth Circuit decision and the Supreme Court is that plaintiff must show the extent, meaning the hours, and also the amount of his damages. Let me discuss, I'm going to touch upon, there's about seven areas of damages, very significant. This is all in the record. This is all Route 56 evidence. None of our evidence was excluded and so our position is the court inadvertently ignored or disregarded the evidence. To answer the court question, okay, Ms. Jones, we heard you say that, so what is it? One, what plaintiff put in the record is uncontested that Mr. Holloway gave two depositions, one in September 2012, two in July 2013. His second deposition was solely on damages. Plaintiff, defendant deposed my client a little less than three hours on his damages. This court has said in Doe versus Alamo, where there's detailed deposition on damages, testimony on damages, that is sufficient. Secondly, prior to that deposition, my client produced very detailed interrogatories, and this is in the record, talking in detail about his damages and attached what we call an attachment aid to his interrogatory, where there's over 40 points of his damages, talking about the hours he worked, the 60 hours. For each pay period, how much, and you'll see that as attachment aid, for each pay period, how much his damages were, deductions, overtime, very detailed. Thirdly, my client was terminated because he sent correspondence to management, an email saying, we're tired of all this overtime, we're working without getting paid. That's in the record. He says, we're working 40, 60 hours, I'm tired of donating my time. A week later, and defendant acknowledged this, they said it's because of the internet policy, but a week later, whatever the reason for him sending an email complaining about his overtime, he was terminated. Additionally, Your Honor, the defendants themselves, the court will see, we put the exact verbatim quote from defendant when I asked plaintiff management, did plaintiff work overtime? Defendant testified, the supervisor of my client testified, yes, field service engineers work overtime. Were they paid for overtime? No. So that gets you past the first standard, and the Supreme Court in this court has specifically said it would be a perversion of fundamental principles of justice to dismiss the plaintiff because he does not have precise damages. And the court said that would be the case because why would we let the employer off the hook when it's the employer's obligation to have the damages? And so the court basically said the employer does not have standing to come before the court and say . . . Mr. Jones, how do you distinguish our Carmody versus Kansas City Police Department case? Thank you, Your Honor. And the court, of course, district judge relies on that heavily and so do defendants. Carmody, we do not believe there's any conflict, first of all, as far as Carmody and this court's decision. Well, that's an eight-circuit case and the Supreme Court. In Carmody, well, Carmody, you had police officers at the time of summary judgment had zero, literally, damages to support their claim for damages. And what the district court said is, you've just filed late an affidavit at the time of summary judgment for your damages. And the district court said, if I don't allow this affidavit, you cannot meet Mount Clemens' decision. And if I do that, then basically you have no damages because you didn't provide it during the discovery period, which means your case would be dismissed. The district court said, because you didn't produce any of this discovery, damaged information during discovery, I'm not going to allow you to present it for the first time during summary judgment because it would be prejudicial. So I'm not going to allow it. So in Carmody, there was zero evidence in the record at the time of the summary judgment. And the court said that. District court said it. And then when it came up to the Eighth Circuit, the Eighth Circuit said, excuse me, the Eighth Circuit said the same thing. There's no evidence. So even under relaxed standard, when the court looks at the Rule 56 evidence that we provide, as I indicated, we have defendants admitting that field service engineers worked overtime and were not paid for that time. As a matter of fact, Your Honor, I just want one last thing. The district court even acknowledged that. The district court, that defendants admitted that plaintiff worked overtime. The only, there's no evidence, it's just defense counsel's argument that he did. But this was the judge said. This is from the judge's order. After talking about he did not believe plaintiff worked all these hours, which is weighing the evidence, but that's fine. But Supervisor Vanessa Hodges, that's the plaintiff's supervisor, testified that field service engineers every single day, or that they worked every single day, excuse me, but Supervisor Vanessa Hodges testified that field service engineers rarely worked the same hours week to week. Some weeks they may work a total of eight hours, and other weeks they might work a, quote, he's quoting, the judge is quoting the defendant management, quote, some weeks they might work, quote, a little bit over 40. All we have to show is he worked over, one hour over 40. Now, we disagree with management, but even the court acknowledged . . . Your time's expired, I understand. Thank you. Yes, thank you, Your Honor. Mr. Peters, good morning. Good morning, Your Honor. May it please the Court, Greg Peters on behalf of Stratasys. If it's okay with Your Honor, I'd like to start with the question regarding Carmody. Because it's our position that Carmody is controlling and quite persuasive, and it was decided within the last year, year and a half. In Carmody, there was an issue with the affidavits, and I think, if I'm not mistaken, Your Honor, Judge Riley drafted that opinion. There was an issue with the affidavits that were excluded by the district court, and this court said they were properly excluded. But there was also evidence that the plaintiffs argued in the record that they suggested and argued vociferously at oral argument satisfied their relaxed standard. In particular, Plaintiff Carmody testified that he averaged an average of four hours of flex time per week, and that's what he was seeking, an average. It was in the record, and the Plaintiff's counsel suggested that satisfied that relaxed burden. This court said no. It said no. And in particular, in Carmody, similar to this case, you had averages. You had no specific dates and times. They talked a lot about tasks, and Mr. Holloway's testimony talks a lot about tasks. We can all agree, basically, on the tasks. But overtime is earned or not earned in each individual week, and in Carmody, there was no specific dates and specific times. It was not tied to a schedule. Also, in Carmody, the officer said their schedule varied. It was unpredictable. Everybody agrees in this case that the field service engineer's schedules varied significantly. And so it's all the more important to have specific dates and times. And if you read the cases that apply this relaxed standard, that's where the cases succeed or fall on the exact dates and times. What did your client concede, as it were, or acknowledge, that some people worked, that this man worked overtime? Not this man. Some people in that classification. Not this Plaintiff? Not this Plaintiff. It was field service engineers. And there are several field service engineers throughout the country. The testimony is not, did Greg Holloway? It's a general class of people. All right. Are you saying, then, that Holloway does have to allege the specific time that he worked overtime in each relevant period? Is that technical? Yes. And it's important. Let's go back to, is it Mount Clemens, a U.S. Supreme Court case. Let's take a step back. 1946. Okay? The court says where the employer's records are inaccurate or inadequate, and the employee cannot offer convincing substitutes, the relaxed standard applies. In courts of struggle, but they've glossed over that convincing substitute. And they've struggled to where the line is drawn to meet the standard, the relaxed standard of sufficient evidence to show the amount and the extent of that overtime work to adjust in reasonable inference. Overtime, again, is earned or not earned on a workweek basis. In today's day and age, I would suggest to the court that plaintiffs can show darn near a convincing substitute. In this case, in particular, we have travel records. We have an outlook calendar. We have utilization reports showing days in the field and days working at home. We have a white space software, which is basically a dispatch software package showing where they're at, what they're doing. We have the plaintiff's own expense reports, travel records, plane tickets, trains, mileage, meals. They all have date stamps and time stamps on them. Other expenses, parking. When did you get, when did you leave the airport? When did you have payroll and PTO records? What weeks, was it a holiday fall? When did we take two days of PTO? We have client reports, sales force reports. When were you doing this administrative work? Was it on a weekend or was it on a Monday when you were at home waiting for your next assignment? In this case, it can be recreated. And the plaintiff chose not to do so twice in his depositions. He never looked at the documents. Never looked at any of the documents, not even the calendar. During a deposition? Yes, in his deposition twice. He didn't look at the documents. Didn't make an effort. Wasn't he given the opportunity? Yes, we did give him an opportunity. And he said, no, I don't like it at all? No, no. Well, let's turn it on its head. Let's look at this case from another direction. We've got Attachment A. And the crucial piece on Attachment A for purposes of today is the 60 hours. 60 hours every week. Okay? Without looking at any evidence. If that is sufficient, a plaintiff can file a case, claim they were misclassified, have an hour meeting at their lawyer's office. The lawyer stipulated he drafted this. Come up with the 60 hours and shift the burden to the defendant to prove, A, there's an exemption that applies, and B, that all the damages are not there. You completely shift the balance in these cases and inappropriately. You could have somebody completely fabricate 60 hours a week. They walk into their lawyer's office after filing a complaint and say, I'm the hardest working guy in showbiz. I work 60 hours every week. And we shift the burden. The rest of these points are just arithmetic. The key is the 60 hours a week. Every single week. And everybody acknowledges, both sides acknowledge, the work week varies for these folks significantly because they travel all the time. It's just not realistic. And that's what Judge Magnuson found. He didn't weigh the evidence as the plaintiff suggests. He looked at the plaintiff's own deposition, the plaintiff's own evidence. He said, this is all over the map. This doesn't add up. It doesn't make any sense. It's comparable, almost comparable, to the Pickaboo Prairie Broadcasting case, the 8th Circuit case, I believe from 1961, where this court just said, this stuff is just not believable, even under the relaxed standard, and we're not going to issue an injunction. Your view is then that Holloway does have to put down the specific time he worked overtime each week? Yes. And support it. The Mount Clemens case indicates, and Mr. Jones told Magistrate Judge Mayer in this, that he has to rely upon the best evidence. And the Supreme Court has said it's got to be the best evidence. And that's going to be a case-by-case basis. Because not the same evidence is not going to be available in each case. But in this case, there was a number of categories of evidence to try and recreate history. But to your point, Your time is earned, or is not earned, in each week. If you take three days of PTO, or vacation, Monday through Wednesday, you can really claim you worked 60 hours, Thursday through Sunday, without any support? The evidence is here. You've got to come up with it each week. And that's what this court said in Carmody. Mr. Carmody himself says, I worked an average of four hours, an average of four hours of flex time a week. And this court said, that's not good enough. That's not specific enough. You've got to do it on specific dates, and specific weeks, and specific duties. Similar to Carmody, Mr. Holloway described the various duties he did. But you've got to tie it each week to the number of hours, to show over 40 in each week, entitled to overtime. If not, showing up to a lawyer's office and saying, put 60, or 45, or 75 in the spreadsheet, that satisfies the burden. And that's just not appropriate. That cannot be the relaxed standard, especially in today's day and age, when there is so much technology. In fact, there's a Department of Labor free app that employees can download onto their phones or their computers to track their time. It's in English and Spanish. It's been out for three or four years. That evidence can be preserved. In this case, there was all kinds of evidence where you could look through and backtrack your schedule. These folks are on computers all the time. It can be recreated to a specific minute, maybe not. But within an hour or two each week, absolutely. Again, the last item I want to touch on is, the plaintiff suggests Judge Magnuson weighed the evidence. Judge Magnuson did not rely upon any of our evidence. It wasn't the light was green, the light was red, and he believed us to saying the light was red. He looked at Mr. Holloway's own testimony and his own evidence and analyzed it against the standards of whether it was a just and reasonable inference, whether he satisfied it with sufficient evidence. And he found correctly, in our view, that he didn't do so, because the testimony and the statements varied wildly, they didn't add up, and he boarded on incredible. It's just not believable when somebody says, my work fluctuated each week and it varied, but I worked 60 hours each week. It's just not credible. If your Honor doesn't have any more, my time is up. Okay. Thank you very much. Thank you. Mr. Jones, I think you've used up your time. If you think you have something, I'll give you one minute if you want. Thank you, Your Honor. Okay. I'll just make it quick. Your Honor, in Mount Clemens, the court specifically said, where the employer does not keep records, the court said, in that situation, quote, the solution, however, is not to penalize the employee by denying him any recovery. As far as the business records, there weren't records for keeping. Defendant's management said, Mr. Holloway's manager said, they never use those records for timekeeping. Defendants say, we should have used them, but defendant hasn't even put the documents together to try to say what was Mr. Holloway's standard hours and overtime based on those non-record keeping documents, but they're arguing we're supposed to take business records that has nothing to do with defendant management and figure out Mr. Holloway's overtime. The Mount Clemens decision said, defendant not only must produce timekeeping records, but they must be precise. Thank you for your patience and time, Your Honor. Thank you both for your presentations and briefs and the oral arguments. We'll take it under advisement. We'll be back to you in due course. Thank you.